Case 79.—ACTION BY ROBERT HENRY MERSCHEL, BY
NEXT FRIEND, AGAINST LOUISVILLE & NASHVILLE R.
R. CO. FOR DAMAGES FOR PERSONAL INJURY.—March 2.

## Merschel v. Louisville & Nashville R. R. Co.

Appeal from Campbell Circuit Court.

A. S. BERRY Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

Explosives — Negligent Keeping—Personal Injuries — Liability—
Master's Liability for Acts of Servant—Petition—Duplicity
—Statute.

1. Under the Civil Code of Practice, permitting pleading in the
alternative, a petition to recover for personal injuries,
charging that an agent and servant of the defendant railroad
with gross negligence placed a railway torpedo on a sidewalk,
where it was found, or with gross negligence placed it on
the railroad track so that it could be easily removed or
brushed away, and suffered it to be removed to the place
where it was found; that one of such statements is true,
but that the plaintiff does not know which one is true, etc.—
is not bad for duplicity.

2. Where a railroad company's agent and servant, as the custodian of explosives in use by the company, and charged
with their safe-keeping, negligently placed a railroad torpedo on the railroad track or on a public street, whence
it was picked up by a child, and through childish curiosity
struck and exploded, the railroad company was liable for
the injuries to the child caused thereby.

SAMUEL C. BAILEY for appellant.

(Brief of appellant filed with case, which is still pending,
and not accessible to reporter.)

BENJAMINE D. WARFIELD for appellees.

Merschel v. Louisville & Nashville R. R. Co.

1. The sole question for the determination of this court in this case is as to whether the trial court erred in sustaining appellee's demurrer to appellant's petition as amended, whereupon appellant refused to plead further, his petition was dismissed, and he prayed and was granted an appeal to this court.

2. The court will observe that both in the petition and in the petition as amended, appellant alleges that a servant of appellee placed the torpedo on the sidewalk, or on the track, but the petition concedes, wherever the torpedo may have been placed, or however it may have got there, that it was upon the sidewalk and not upon the track when appellant picked it up, and the petition also concedes that it was several days after appellant picked up the torpedo that he attempted to open it with a hammer and was thereby injured.

3. It is elementary law of pleading that where the pleader alleges that the accident was due to one of two or more causes, that if either cause alleged in the alternative be insufficient, the demurrer must be sustained.

4. Construing the petition and petition as amended most strongly against the pleader, the averment is that the employe of the company not in the performance of any duty to the master, placed the torpedo in question upon the sidewalk. It needs no argument to show to this court that no useful purpose of the master could have been subserved by the placing of the torpedo on the sidewalk by the servant.

## AUTHORITIES CITED.

Ency. Pl. & Pr., p. 922; Smith v. L. E. & St. R. R. Co., 124 Ind., 394, 24 N. E., 753; McCann v. Tillinghast, &c., 140 Mass., 327, 5 N. E., 164; Davis v. Houghtelin, 33 Neb., 582, 14 L. R. A., 737; Linck's Adm'r v. L. & N. R. R. Co., 107 Ky., 375; Sullivan v. L. & N. R. R. Co., 24 Ky. Law Rep., 2344; Harriman v. R. R. Co., 45 Ohio St., 11; R. R. Co. v. Hart, Jr.'s, By, &c., 24 Ky. Law Rep., 1123; L. & N. R. R. Co. v. Routt, 25 Ky. Law Rep., 887; Winnegar's Adm'r v. C. P. Ry. Co., 85 Ky., 547; Sherley v. Billings, 8 Bush, 147; Wise v. Cov. & Cin. St. Ry. Co., 91 Ky., 537; Lacat, &c. v. Lutz, 94 Ky., 287; Robinson v. Webb., 11 Bush, 482; Eastern Ky. Ry. Co. v. Powell, &c., 17 Ky. Law Rep., 1051; Smith, &c. v. L. & N. R. R. Co., 95 Ky., 11; Hoffman v. R. R. Co., 87 N. Y., 25; Towando Coal Co. v. Heeman. 86 Pa. St., 418; I. C. R. R. Co. v. West, 22 Ky. Law Rep., 1387; Cosgrove v. Ogden, 49 N. Y., 257, 10 Am. Rep., 361; Howe v. Newmarch, 12 Allen, 49; Stephenson v. S. P. Co., 15 L. R. A., 475; 2 Thompson's Negligence, 885-886; Cooley on Torts, 535-538; Davis' Adm'x v. Houghtelin, 14 L. R. A., 737; Wright v. Wilson,

19 Wend., 343, 32 Am. Dec., 607; McCoy v. McKowen, 26 Miss., 487, 59 Am. Dec., 264; I. C. R. R. Co. v. Ross, 31 Ill. App., 170; Meehan v. Morewood, 52 Hun., 566; Dyer v. Rieley, 28 La. Ann., 6; Gillaim v. S. & N. A. R. Co., 70 Ala., 268; Walton v. N. Y. C. Sleeping Car Co., 139 Mass., 556; Bowler v. O'Connell, 27 L. R. A., 174; Molloy v. R. R. Co., 10 Daly, 453; Jackson v. St. L., I. M. & S. R. Co., 87 Mo., 422; Thompson's Commentaries on the Law of Negligence, secs. 563, 565; L., N. O. & T. Ry. Co. v. Douglass, 69 Miss., 723; Smith v. R. R. Co., 78 Hun., 524; C., B. & Q. R. R. Co. v. Epperson, 26 Ill. App., 79; Dalton's Adm'r v. L. & N. R. R. Co., 22 Ky. Law Rep., 97, and cases cited; L. & N. R. R. Co. v. Thornton, &c., 22 Ky. Law Rep., 778; Elliott on Railroads, secs. 1580-1610; T. W. & W. Ry. Co. v. Brooks' Adm'r, 81 Ill., 245; Powers v. B. & M. R. R. Co., 153 Mass., 188; Ry. Co. v. Moore, 49 Texas, 31; McVeety v. S. P. M. & M. Ry. Co., 45 Minn., 268; A. T. & S. F. Ry. Co. v. Headlan, 33 Pac., 185; I. C. R. R. Co. v. Meacham, 19 S. W., 232; Robertson v. R. R. Co., 22 Barb. [N. Y.], 91; U. P. Ry. Co. v. Nuckols, 8 Kas., 505; Eaton v. Del., &c., R. Co., 57 N. Y., 382; 15 Am. Rep., 513; Vanderbilt v. Richmond Turnpike Co., 2 N. Y., 479.

OPINION BY JUDGE PAYNTER—Reversing.

The court sustained a demurrer to the petition, and, the plaintiff refusing to plead further, the petition was dismissed. From the petition it appears that the appellant is a boy eleven years of age; that he lost an eye by the explosion of a railway torpedo, which he had picked up from a public street near the appellee's track in a populous part of the city of Newport, where children were accustomed to play. The boy's childish curiosity to discover the contents of the torpedo lead him to strike it with a hammer, causing it to explode, and thus inflicting the injury of which complaint is made. By the petition as amended it is substantially stated that an agent and servant of the defendant with gross negligence and carelessness placed the torpedo on the sidewalk where it was found, or with gross negligence and carelessness placed it on the railroad track so that it could be easily

removed or brushed away, and suffered it to be removed to the place where it was found; that one of these statements is true, but he does not know which one is true; that the agent and servant who placed the torpedo upon the sidewalk had been and then was, charged by the defendant with the duty of safely keeping the torpedo; that he knew of its dangerous character; that the agent and servant of the defendant, if he placed the torpedo upon the track, had been, and was then, duly intrusted with its safe-keeping. The averment that it was negligently placed upon the track and the one that it was placed upon the sidewalk were made in the alternative, which is permitted under the Civil Code of Practice. The plaintiff proceeded upon the idea that, if the agent and servant of the defendant, who was intrusted with the care of the torpedo placed it upon the track in such a negligent way as to be easily removed or knocked therefrom to the street, he was entitled to recover the damages sustained. Again, if this was not true, if he, being charged with the safe keeping of the torpedo, negligently placed it upon the street, and the plaintiff was thereby injured, he was entitled to recover. The defendant being a corporate entity, it could only have the custody and control of the torpedoes through the instrumentality of agents or servants. The demurrer admits that the agent and servant was charged with the safe keeping of the torpedo and use of it at the time it was placed upon the track or upon the street. Therefore it was the act of the defendant in so placing it. If the master himself has control of forces or explosives calculated to endanger life, the obligation is upon him to control or superintend them. He is under an obligation to use proper care for the protection of life and prop-

erty therefrom. If he substitutes another to represent him in their care and control, the same obligation remains upon him. The master is responsible for the negligent acts of his servants in the course of their employment. This is true whether the negligent act be authorized or forbidden. In Shearman & Redfield on Negligence (5th Ed.), sec. 146, it is said: "The master is responsible for the negligent acts or omissions of his servants in the course of their employment, though unauthorized, or even forbidden, by him, and though outside of their 'line of duty,' and without regard to their motives. He can not limit his responsibility for any servant by employing him only with reference to a single branch of the business." In Cohen v. D. D. E. B. & B. R. R. Co., 69 N. Y., 170, it is said: "The master who puts a servant in a place of trust or responsibility, or commits him to the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, * * * goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another." In Thompson on Negligence, vol. 1, sec. 523, it is said: "Every person who employs highly dangerous agencies upon his premises or about his business stands under the obligation of exercising, to the end that third persons shall not be injured through those agencies, a degree of care proportionate to the danger of such injury. This court has recognized the rules announced by the authors quoted as being correct. In Bransom's Adm'r v. Labrot, etc., 81 Ky., 638, 5 Ky. Law Rep., 827, 50 Am. Rep., 193, it is said: "It is held that a party is guilty of negligence in leaving anything in a place when he knows it to be extremely probable that some other

person will unjustifiably set it in motion to the injury of a third person. (1 Addison on Torts, 511.) And said a learned judge: 'It appears to me that a man who leaves in a public place, along which persons, and amongst them children, have to pass, a dangerous machine, which may be fatal to any one who touches it, without any precaution against mischief, is not only guilty of negligence, but of negligence of a very reprehensible character; and not the less so because the imprudence and unauthorized act of another may be necessary to realize the mischief to which the unlawful act or negligence of the defendant has given occasion." In the case of City of Owensboro v. York's Adm'r, 117 Ky., 294, 77 S. W., 1130, 25 Ky. Law Rep., 1399, it was said: "It is incumbent on those having dangerous instrumentalities not to leave exposed to the reach of children anything which would be tempting to them, and which they, in their immature judgment, might naturally suppose they could handle and play with." Our conclusion is that, if the agent and servant of the defendant had the care and custody of the torpedo, and negligently placed it upon the railroad track, or upon the street, under the circumstances stated in the petition, it is liable for the injury inflicted upon the plaintiff.

It is urged that the petition is defective because there was no averment that the act was within the scope of the agent and servant's employment. It was not necessary to make this averment, because it was averred in the petition that the agent and servant had the care and custody of the torpedo, and so had it at the time when it was so placed upon the track or street. If the master had imposed the duty upon the servant to care for the torpedo, and that duty was resting upon him at the time it was placed upon

vol. 121—40

the track or street, the wrongful act was within the scope of his employment, though a grossly negligent one. The substance of the averment is that the negligent act was committed by the agent within the scope of his authority. The doctrine enunciated in Sullivan v. Louisville & Nashville R. R. Co., 115 Ky., 447, 74 S. W., 171, 24 Ky. Law Rep., 2344, does not apply to the facts averred in the petition. In that case the party who caused the injury to be inflicted did not have the care and custody of the torpedo as the agent or servant of the defendant. The act was not done within the scope of  the servant's employment. It was an intentional act, apart from the employment; hence a different rule from the one here invoked was adjudged and applied to the facts of that case. Of course, this opinion is predicated upon the facts admitted by the demurrer, and may or may not have any application to the facts which may be developed on the trial of the case.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.

JUDGE BARKER dissenting.