# Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Padgett.

(Decided March 27, 1914.)

## Appeal from Lincoln Circuit Court.

1. Negligence—Dangerous Substances.—It is the duty of persons who keep in their possession or employ in their business that which unless carefully guarded and cautiously used, is dangerous to others, to exercise such care to see that the dangerous agency is so kept and used as not to inflict injury upon others, as an ordinarily prudent person would be expected to exercise under the same or similar circumstances. And, where a railroad company uses dynamite for blasting purposes in connection with the construction of a concrete abutment, it is charged with the duty of caring for the dynamite supply when not in use as well as when it is in use.

2. Negligence—Proximate Cause.—Where a portion of dynamite became imbedded and concealed in pitch in a bucket, and the bucket was afterward used as a receptacle for burning rags, and the pitch ignited, whereupon the bucket was thrown out alongside camp cars occupied by the workmen engaged in construction work, and there exploded, injuring one of the members of the crew who was returning to the cars, the proximate cause of his injury was the permitting of the dynamite to get in the bucket, not the act of using the bucket as a receptacle for burning rags, although through the latter act the original act became operative to produce the injuries.

3. Negligence—Consequences That Should Have been Foreseen.— A wrong-doer is not excused because he could not foresee the particular injury or harm which does actually result from his wrongful act.

4. Master and Servant—Master's Liabilities For Injuries To Servant—Delegation of Duty.—The duty of a master to care for a dangerous agency such as dynamite, cannot be delegated. The servant to whom is entrusted the care of the dynamite acts in the performance of such duty, in the place of the master.

JOHN GALVIN, J. W. ALCORN and K. S. ALCORN for appellant.

ROBERT HARDING, O'REAR & WILLIAMS, EMMETT PURYEAR and GEORGE FLORENCE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Alvin Padgett sued the Cincinnati, New Orleans & Texas Pacific Railway Company, and L. E. Floyd, in the Lincoln Circuit Court, to recover damages for personal injuries received by him while in the service of said com-

pany; and upon a trial of the action, the jury found a verdict in his favor in the sum of seventy-five hundred dollars; the defendants appeal.

In July, 1911, appellee was employed as a laborer by appellant company, and was one of a crew of workmen engaged in the construction of a concrete abutment in Lexington, Kentucky. Appellant, Floyd, was foreman of the crew. There was a side-track near the place of work, upon which were five cars. One of these was used as a cook-car by the crew; one as sleeping quarters by Floyd, the foreman; and the other three as sleeping quarters for members of the crew.

In the performance of the work in which they were engaged, there were in use certain buckets for the purpose of carrying sand and water; and there were two buckets which were used for carrying pitch, the pitch being used for the purpose of waterproofing the concrete.

Dynamite was employed in the work, the supply thereof being stored in a house which was also used for storing cement. This dynamite and the other supplies were in the control and custody of appellant, Floyd, the foreman of the crew.

Some sticks of this dynamite had become imbedded in the pitch in the buckets used for carrying pitch. Just how this occurred is not explained by the evidence; but it was shown that dynamite had been left in the buckets containing pitch on several occasions, and that same would gradually become imbedded therein. One witness says he pried several sticks out of one of the buckets on the Fourth of July and exploded them by way of celebration.

In one of these buckets, a stick of dynamite which had been prepared for exploding by the placing of a detonating cap therein and the affixing of a fuse thereto, had become imbedded, until the stick of dynamite became wholly immersed in the pitch, leaving only the fuse in sight. This fuse had been pulled out by some one, probably by appellee himself, although the evidence upon that point is not decisive, as appellee testified that the bucket from which he pulled a fuse was thrown over into the woods by him.

On the night of July 29, 1911, appellant, Floyd, the foreman of the crew, had a bucket in his sleeping-car, in the bottom of which was some pitch, and imbedded and

concealed in the pitch was a stick or a portion of a stick of dynamite. The foreman was using this bucket as a receptacle for burning rags, for the purpose of driving mosquitoes from his car. After the rags had burned a while, the pitch in the bottom of the bucket ignited, and Floyd threw the bucket out of the car onto the ground nearby. A member of the crew sitting by, upon seeing the bucket of burning pitch, informed Floyd that one of the buckets which contained pitch also had a stick of dynamite imbedded in the pitch.

About the time Floyd received this information, and while the blazing bucket lay there on the ground, appellee and another of the crew of workmen, who had been down to the city, were returning to the camp cars; and, as they approached the bucket, despite the warnings from Floyd and others, they failed or were unable to withdraw in time to escape before the dynamite in the bucket exploded, and appellee received the injuries to recover damages for which this action was brought.

1. Appellants first insist that the court should have directed a verdict for them at the close of the evidence for the plaintiff upon the ground that no negligence was proven.

It is the duty of persons who keep in their possession or employ in their business, that which unless carefully guarded and cautiously used is dangerous to others, to exercise such care to see that the dangerous agency is so kept and used as not to inflict injury upon others as an ordinarily prudent person would be expected to exercise in the use and keeping of such dangerous agency. See Merschel v. L. & N. R. R. Co., 121 Ky., 620, 85 S. W., 710, 27 R., 465; Pittsburg, etc. Ry. Co. v. Shields, 47 Ohio St., 387, 24 N. E., 658, 8 L. R. A., 464, 21 Am. St. Rep., 840; Rush v. Spokane Falls & Nor. R. Co., 23 Wash., 501; 26 Cyc., 1112.

Floyd testified that he did not know the dynamite was in the bucket; but, he was placed in charge of the dynamite supply, and he was therefore charged with the duty of using it with care and caution, as well as with the duty of observing like care and caution in the custody of the dynamite when it was not in use . As was said in the Shields case, supra, (speaking of railroad torpedoes) "The servant's custody of them when not in use was as much a part of his employment as was the use of them."

The court is of the opinion, therefore, that the mere presence of this stick or portion of the dynamite, imbedded and concealed in the pitch in the bucket in question, was some evidence of negligence in the handling of the dynamite supply while not in use; at least sufficient evidence of negligence in that respect, to authorize the submission to the jury of the issue as to the exercise of due care.

2.   But appellants contend that, even conceding that the presence of dynamite in the bucket was some evidence of negligence, the court should have directed a verdict for defendants upon the ground that such negligence was not the proximate cause of the appellee's injuries.

In Watson v. Kentucky & Ind. Bridge & Ry. Co., 137 Ky., 619, 129 S. W., 341, this court said: "No better statement of the law of proximate cause can be given than is found in 21 A. & E. Ency. of Law (2nd Ed.), 490, quoted with approval in Louisville Home Telephone Company v. Gasper, 123 Ky., 128, 93 S. W., 1057, 92 R., 578, 9 L. R. A. (NS), 548, and C. & O. Ry. Co. v. Young's Admr., 146 Ky., 317: 'It is well settled that the mere fact that there have been intervening causes between the defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say, the plaintiff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries, other causes and conditions or agencies may have operated, and when this is the case, the defendant is liable.   So, the defendant is clearly responsible where the intervening causes, acts, or conditions were set in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is held, if the intervening acts or conditions were of a nature, the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself.   An act or omission may yet be negligent and of a nature to charge the defendant with liability, although no injuries would have been sustained but for some intervening cause, if the occurrence of the latter might have been anticipated. * * * A proximate cause is that cause which naturally led up to and which might have been expected to produce the result."

And in Bransom's Admr. v. Labrot, 81 Ky., 638, this court said: "It is held that a party is guilty of negligence in leaving anything in a place when he knows it

to be extremely probable that some other person will unjustifiably set it in motion, to the injury of a third person. (1 Addison on Torts 511.)''

The Bransom case has been approved and this rule reaffirmed in several later cases, notably the Merschel case, supra, and that of United States Natural Gas Company v. Hicks, 134 Ky., 12, 119 S. W., 166, 23 L. R. A. (NS), 249, 135 Am. St. Rep., 407, in which later case, the court said:

''In that (the Bransom) case, this court quoted with approval from Addition on Torts as follows: ''It appears to us that a man who leaves in a public place along which persons * * * have to pass, a dangerous machine, which may be fatal to any one who touches it, without any precautions against mischief, is not only guilty of negli-, gence, but of negligence of a very reprehensible character, and not the less so because the imprudent and unauthorized act of another may be necessary to realize the mischief to which the unlawful act or negligence of the defendant has given occasion.' ''

In Shearman & Redfield on Negligence (6th Ed.) Sec. 32, the rule is thus stated: ''The connection between the defendant's negligence and the plaintiff's injury may be broken by an intervening cause. In order to excuse the defendant, however, this intervening cause must either be a superseding or a responsible cause. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of the defendant's negligence, that it alone, without the defendant's negligence contributing thereto in the slightest degree, produces the injury. It is a responsible cause, if it is the culpable act of a human being who is legally responsible for such act. The defendant's negligence is not deemed the proximate cause of the injury when the connection is thus actually broken by a responsible or superseding cause.''

But, in the case at bar, the burning of the rags in the bucket in question did not alone cause appellee's injuries; therefore it was not a superseding cause. Nor, was such act a culpable one, and hence a responsible cause, for it was performed in ignorance of the danger. It cannot be said, therefore, that the negligence of the foreman in caring for the dynamite supply, if such negligence there was, was not the proximate cause of appellee's injuries.

But, appellants contend that it could not be reasonably foreseen or anticipated. That a reasonable foresight of harm is the proper criterion by which to determine the existence of negligence in respect of the particular act or omission involved, is true; but that the particular harm or injury which does actually result could have reasonably been foreseen is not necessary. 29 Cyc., 495. It is sufficient if an ordinarily prudent person should be able to foresee harm or danger of some sort ahead as the natural consequence of the act or omission in question. Shearman & Redfield on Negligence (6th Ed.) Sec. 21a.

If, for instance, instead of the use of the bucket as a receptacle for burning rags making operative the prior negligence in caring for the dynamite supply, this bucket in question had been lying on the ground near the track and appellee had stumbled over it, thereby causing the dynamite to explode; or if, under certain conditions, a child had found the bucket and innocently exploded the dynamite and been injured thereby; or if a section hand engaged in repairing the track had encountered it and been injured, responsibility in all the cases would be the same. That some one might be injured was a foreseeable natural consequence of the original act of permitting this dynamite to get in the bucket. As is said in Shearman & Redfield on Negligence, Sec. 29, 6th Ed., "A person guilty of negligence is responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed (whether they could have been ascertained by reasonable diligence or not) would, at the time of his negligent act, have thought reasonably possible to follow, if they had occurred to his mind."

A wrongdoer is not excused because he could not foresee the particular injury or harm which does actually result from his wrongful act.

3. Nor can appellant company escape liability, if negligent, upon the ground that the act of the foreman, Floyd, in burning rags in the bucket and throwing it out of the car, was an act not within the scope of his employment, as appellant company contends.

That act operating alone did not cause appellee's injuries. It was performed in ignorance of the presence of the dynamite. It was merely an intervening, but not superseding or responsible agency through which the original act became operative.

Appellant company could only have the custody of the dynamite through the instrumentality of an agent; and the duty of its foreman, Floyd, was to care for the dynamite entrusted to him by the company, when it was not in use as well as when using it. That duty was within the scope of his employment, and if he negligently failed to discharge it, and by reason of such failure, a portion of the dynamite became imbedded and concealed in the bucket in question, and as the natural result or consequence of such failure appellee was injured, he may recover from appellant company as well as from Floyd, for in the handling and custody of the dynamite supply, the negligence of the foreman is the negligence of the master. The duty of the master to care for a dangerous agency cannot be delegated so as to relieve the master from responsibility. See the Merschel and the Shields cases, supra.

4. The court, however, failed to instruct the jury upon the theory of the case as herein presented, but instructed them that it was the duty of defendant company to keep the premises in a reasonably safe consition, and that if after the foreman discovered or knew that the plaintiff was in danger from the burning bucket, he failed to use ordinary care in the exercise of all reasonable means at his command, consistent with his own safety, to warn the plaintiff of his danger, and that by reason of such failure, if any, plaintiff was injured, they should find for him.

This instruction was erroneous as it does not submit the issue involved in the case. There is no question of unsafe premises here presented; the premises themselves were not unsafe except as danger was created by the dynamite in the bucket, and unless that dynamite got in the bucket through the negligence of the company's foreman, there could be no recovery even if the premises were rendered unsafe because of the dynamite therein. Nor is there involved a duty to warn.

If the danger was created by negligence in caring for the dynamite supply, the fact of warning would only be evidential upon the issue of contributory neglect upon the part of appellee. The giving of a warning, if the danger was created by negligence, would not constitute a direct release from liability for the consequences of such negligence.

The real issue is, whether the defendants failed to exercise such care in the safekeeping of said dynamite as an ordinarily prudent person would be expected to exercise in the handling of dynamite under the same or similar circumstances, and by reason thereof, that portion of the dynamite, by the explosion of which plaintiff was injured, was permitted to become imbedded and to remain concealed in the bucket in question; and if so, whether plaintiff's injury was a natural result of such failure.

The jury should have been instructed, in substance, that it was the duty of the defendant company and defendant, Floyd, in keeping the dynamite supply in question, to use ordinary care to keep the same in such place and under such conditions as that those whose duties required or permitted them to be on or about the premises where said dynamite was kept, would be reasonably safe from injury therefrom, and that if they negligently failed to perform this duty, and as a natural consequence or result of such failure, a portion of said dynamite was exploded and the plaintiff injured thereby, they should find a verdict for him. This in connection with an instruction on the measure of damages, an instruction on contributory negligence, an instruction defining ordinary care and the usual instruction as to a three-fourths verdict, is all that should have been given.

The judgment is reversed and the cause remanded for proceedings consistent with the views herein expressed.