## JAGOE CONST. CO. v. HARRISON et al.
### (No. 3693.)

Court of Civil Appeals of Texas. Texarkana. May 24, 1929.

Rehearing Denied May 30, 1929.

R. D. Allen, of Sulphur Springs, and Horace C. Bishop, of Dallas, for appellant.

Dial & Brim, of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the case as above). The findings of the jury numbered 1 and 2, it will be seen on referring to the statement above, were (in effect) that the cartridges Herschel Harrison picked up were cartridges appellant had in its possession and control; and the findings numbered 3 and 4 were (in effect) that appellant was guilty of negligence which was the proximate cause of the injury to Herschel, in that it "permitted" the cartridges to be where they were when he

picked them up. The sufficiency of the evidence to support the findings, or any of them, is not questioned by any of the assignments of error in appellant's brief, nor does appellant complain here, specifically, of those numbered 1 and 2 on any other ground. But it does complain of the action of the trial court in submitting the issues covered by the findings numbered 3 and 4.

As to finding 3, it is insisted the issue it covered predicated negligence of the appellant "upon (quoting) the cartridges being exposed in and about the building of the company." Appellant asserts it had a right to have the cartridges on its premises, and that its having them there "would not be negligence (quoting) unless the same enticed the plaintiff, the boy, upon its premises." That may be true, but whether it is or not is of no importance here, for no such question arises on the record sent to this court. It was undisputed that Herschel found the cartridges, not on appellant's premises, but on a public sidewalk and in a public street on which said premises abutted. That being true, negligence of appellant was not predicable on the fact that it had the cartridges on its premises, but was predicable on the fact, if it was a fact, that the cartridges were on the sidewalk and street because of its failure to use proper care to keep them off of same. In Ry. Co. v. Padgett, 158 Ky. 301, 164 S. W. 971, the court said: "It is the duty of persons who keep in their possession, or employ in their business, that which unless carefully guarded and cautiously used is dangerous to others, to exercise such care to see that the dangerous agency is so kept and used as not to inflict injury upon others as an ordinarily prudent person would be expected to exercise in the use and keeping of such dangerous agency." In Hamblin v. Gano (Miss.) 76 So. 633, a case much like this one is in its facts, the court said: "Persons using such dangerous agencies as dynamite are required to exercise the highest degree of care and caution so as to prevent injuries calculated to flow from the negligent handling of this strange and dangerous agency"—citing 11 R. C. L. 662, where it is said: "The degree of care required of persons having the possession and control of dangerous explosives such as dynamite is of the highest. The utmost caution must be used to the end that harm may not come to others in coming in contact with it." And see McTighe v. Johnson, 114 Miss. 862, 75 So. 600, another case much like this one in its facts, and Mattson v. Ry. Co., 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. Rep. 483, 5 Ann. Cas. 498, where the rule is stated substantially as it was in the Hamblin-Gano Case.

We think the further contention with reference to said finding numbered 3 that, as

framed, the issue covered by it was on the weight of the evidence, in that it was assumed therein that the cartridges were exposed by appellant "in and about" its building, must be sustained. It was undisputed in the evidence that the cartridges were "exposed" in the building, but it did not conclusively appear that it was due, proximately, to any act or omission on the part of appellant that the cartridges were out of but about (meaning near) the building, where Herschel found them. The burden was on appellee to prove that, and we think the jury might have found that appellee had not discharged the burden. That being the case, it was reversible error for the court to assume in submitting the issue to the jury that appellant "permitted" the cartridges to be "exposed" at the places on the sidewalk and in the street where Herschel found them. Ry. Co. v. Hartnett (Tex. Civ. App.) 48 S. W. 773; Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354.

As to finding 4, it is charged that, as framed, the issue it covered also was on the weight of the evidence, in that it was assumed therein that appellant "failed to prevent the exposure of dynamite caps picked up by the plaintiff." The charge is not supported by the record, which shows the language used by the court in submitting the issue to have been as follows: "Was the negligence, if any, of the defendant in failing, if it did, to prevent," etc.

For the error of the court indicated in what was said about the finding numbered 3, the judgment is reversed, and the cause is remanded to the court below for a new trial.